# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Jesus Felix Payan,**<br>Defendant/Movant | CV-09-1338-PHX-EHC (JRI)<br>CR-08-0193-PHX-EHC<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, incarcerated at the time in the Federal Correctional Institute, Big Spring, Texas, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on June 22, 2009 (#1) challenging his conviction in the U.S. District Court for the District of Arizonan December 21, 2009, mail from the Court to the Movant was returned undeliverable (#6).

The Movant's Motion is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND

On June 22, 2009, Movant filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#1), challenging his conviction in this court. Movant asserts three grounds for relief:

(1) he alleges that he received the ineffective assistance of counsel based on counsel's alleged failure (a) to file a notice of appeal as Movant directed him,

- 1 -

| | |
|---|---|
| 1 | and (b) to raise objections to Movant's "PSI"; |
| 2 | (2) he alleges that a detainer has been lodged against him by Immigration and Customs Enforcement (ICE) although Movant contends that he is not a deportable alien, has not committed an aggravated felony or violent offense, and he was "forced" to plead guilty by his attorney; and |
| 6 | (3) he contends that he did not agree to be deported under the terms of his plea agreement and he claims that no one told him that he would be deported if he pleaded guilty. |

Service was ordered, and on September 21, 2009, Respondent filed its Response (#4), arguing that Movant's claims are not cognizable in this proceeding, procedurally defaulted, or without merit.

Movant has not replied, and the time to reply expired on October 21, 2009. (*See* Order #3 at 3.)

On December 30, 2009, mail form the Clerk of the Court to Movant was returned undeliverable, indicating that Petitioner had been released on October 19, 2009 (#6). Movant has not filed a notice of change of address.

The Notice of Assignment, filed June 22, 2009 (#2) warned Movant "You must file a Notice of Change of Address if your address changes." The Service Order, filed August 11, 2009 (#3) provided:

> Movant must file and serve a notice of a change of address 10 days before a move is effective, if practicable. See LRCiv 83.3(d). Movant must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal.

(*Id.* at 2.)

On January 7, 2010, the undersigned issued an Order (#8) giving Movant seven days to either: (1) file a notice of change of address; or (2) show cause why his Motion to Vacate should not be dismissed for failure to prosecute in light of his failure to file a Notice of Change of Address as previously ordered. Copies of that order were mailed to Movant at his address of record but have been returned undeliverable (#9). Movant has not responded.

## III. APPLICATION OF LAW TO FACTS

"The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.,* 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, and the existence of warning to the party occasioning the delay. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.,* 811 F.2d 498, 499 (9th Cir.1987).

Despite having twice been given specific of his obligation to file a notice of change of address, and an order specifically directing him to do so, Movant has failed to keep his current address on file with the Court.

It is the duty of a party who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Movant's failure to keep the Court informed of his new address constitutes failure to prosecute.

Movant has failed to prosecute this action, and dismissal is therefore within the discretion of the Court. *Link v. Wabash R. Co., supra.* In the instant case, Movant appears to have abandoned this action upon his release from custody. Movant has had over three months since his release to file a notice of change of address. Further delay to the Court and

1 to Respondent is not warranted. Also, Movant has received adequate warning of the potential of such action, and in light of Petitioner's refusal to respond to the Court, less onerous sanctions will be ineffective.

## IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2255 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Motion to Vacate is brought pursuant to 28 U.S.C. § 2255. The recommendations if accepted will result in Movant's Motion to Vacate being resolved adversely to Movant. Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court=s assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds. The undersigned finds that jurists of reason would not find it debatable whether the district court was correct in its

procedural ruling. Accordingly, the certificate of appealability should be denied.

## V.  RECOMMENDATION AND ORDER

**IT IS THEREFORE RECOMMENDED** that the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed June 22, 2009 (#1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED.**

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 10, Rules Governing Section 2255 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: February 5, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-1338-001r RR 10 01 21 re Dismiss FTP.wpd